827 F.2d 771
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald W. WILSON, Plaintiff-Appellant,
v.
CITY OF NAPOLEON; Richard Haywood; and Richard G. Hayman,
Defendants- Appellees.
 No. 86-3519.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1987.
 
 On Appeal from the United States District Court for the Northern District of Ohio.
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GIBBONS*, District Judge.
 PER CURIAM:
 
 
 1
 Appellant Donald W. Wilson appeals from the district court's order dismissing this action brought pursuant to 42 U.S.C. Sec. 1983. Appellant alleges that he sustained damage to his property due to appellees' negligence and action taken under color of state law. Appellant specifically alleges that the City of Napoleon's ordinances authorizing the conduct complained of violate the due process clause of the Constitution. Appellant argues that the ordinances do not provide adequate notice and an opportunity for a hearing. Appellant also argues that he has no adequate remedy in state court, and that his Sec. 1983 claim should not be foreclosed by the Supreme Court's decision in Parratt v. Taylor, 45 U.S. 527 (1981)[1] and this court's decision in Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983).[2]
 
 
 2
 After close examination, we find that the city ordinances do not offend the Constitution. We further find that appellant does have an adequate state remedy that he can pursue. The sovereign immunity statute, Ohio Rev.Code Ann. Sec. 2744 (Anderson 1986), which appellant relies on to support his argument is applicable only to causes of action arising after November of 1985. Since appellant's action was filed prior to this time, the statute does not apply.
 
 
 3
 Accordingly, for the reasons set forth above, we AFFIRM the judgment of the Honorable Nicholas Walinski, United States District Court, Northern District of Ohio.
 
 
 
 *
 Honorable Julia S. Gibbons, United States Court for the Western District of Tennessee, sitting by designation
 
 
 [1]
 In Parratt, the Supreme Court held "that the existence of a state remedy to redress property damages inflicted by state officers acting under color of state law avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the fourteenth amendment." Parratt, 451 U.S. at 542 (footnote omitted)
 
 
 [2]
 In Vicory, we stated that in Sec. 1983 damage suits for deprivation of property without procedural due process, the plaintiff has the burden of pleading the inadequacy of state processes, including state damage remedies to redress the claimed wrong. Vicory, 721 F.2d at 1066